# In the United States Court of Federal Claims

No. 09-95C
(Filed October 30, 2009)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

                                          \*    Suit for monetary damages for

**GREGORY V. WOOD,**                     \*    unjust conviction and wrongful

                                          \*    imprisonment, 28 U.S.C. §§

                  Plaintiff,           \*    1495, 2513 (2006); motion to

                                          \*    dismiss pursuant to RCFC

                 v.                    \*    12(b)(1), (6); whether § 2513

                                        \*    states jurisdictional require-

**THE UNITED STATES,**              \*    ments; use of nonprecedential

                                          \*    opinions of United States Court

                  Defendant.        \*    of Appeals for the Federal

                                          \*    Circuit.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

Jerry Stouck, Washington, DC, for plaintiff.

Robert E. Chandler, Washington, DC, with whom was Assistant Attorney General Tony West, for defendant.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

      This case is before the court after argument on defendant's motion to dismiss a claim for damages for unjust conviction under RCFC 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under RCFC 12(b)(6) for failure to state a claim for relief and plaintiff's cross-motion for summary judgment on liability. The issues for decision are whether binding precedent upholds the requirement that a certificate from a federal trial court reciting specific findings is a jurisdictional prerequisite to suit; whether an appellate court's rulings can satisfy the required showings; and whether the United States Court of Federal Claims can find facts on the required showings.

## FACTS

      The following facts are drawn from the record, including the complaint and an unpublished memorandum opinion of the United States Court of Appeals for the Ninth

Circuit.  In July 2000 Gregory V. Wood ("plaintiff") entered into an agreement with Sanford A. Mohr, CEO of Pro Tour Hawaii ("PTH"), to guarantee the prize money and operating expenses for the PTH 2001 International Golf Tour.  Plaintiff, who eventually became the PTH's Chief Financial Officer, never delivered the money promised, and on January 30, 2001, he transferred $5,075.00 from a PTH corporate account to his own personal account. The following day, plaintiff wired $5,000.00 from his personal account to the attorney of David Courtney, a California businessman, as part of a separate business transaction unrelated to PTH.  Subsequently, plaintiff was arrested, tried, and convicted of wire fraud.

On December 10, 2007, the Ninth Circuit entered an unpublished memorandum opinion and a judgment reversing plaintiff's conviction.  See United States v. Wood, 259 F. App'x 48, 49 (9th Cir. 2007).  Ruling that plaintiff's wire transfer to Mr. Courtney was not made "*in furtherance* of the scheme to defraud" PTH, the court held that there was a lack of evidence in support of his federal wire fraud conviction under 18 U.S.C. § 1343 (2006).  See id. at 49-50.

On February 18, 2009, plaintiff filed a complaint in the Court of Federal Claims seeking $141,667.67 from the United States for his wrongful conviction, incarceration, and subsequent supervision by federal authorities.  Attached to the complaint is a document from the appellate court titled "Judgment"—a document that plaintiff labels "Exhibit A" and refers to as his "Certificate of Innocence."  Compl. filed Feb. 18, 2009, ¶ 7.

On April 20, 2009, defendant filed a motion to dismiss on the ground that plaintiff failed to produce and file a true certificate of innocence from the trial court, a mandatory jurisdictional prerequisite to pursue relief for unjust conviction and imprisonment.

On May 18, 2009, plaintiff moved to substitute an attorney in place of himself for this case and a motion for enlargement of time within which to respond to defendant's motion, both of which were granted by order entered on May 20, 2009.  After a second motion for enlargement of time, plaintiff's opposition and cross-motion were filed on August 7, 2009, and briefing concluded on October 5, 2009.  Oral argument was held on October 23, 2009. The court recognizes Mr. Stouck for undertaking to represent Mr. Wood in presenting plaintiff's case.

## DISCUSSION

1.  Standard of review for a motion to dismiss for lack of jurisdiction

In deciding a motion to dismiss pursuant to RCFC 12(b)(1), the court must accept as true the facts alleged in the complaint, see Reynolds v. Army & Air Force Exch. Serv., 846

F.2d 746, 747 (Fed. Cir. 1988), and must construe such facts in the light most favorable to the pleader, see Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (holding courts are obligated "to draw all reasonable inferences in plaintiff's favor").  By contrast, when defendant disputes the underlying jurisdictional facts contained in plaintiff's complaint, the application of the general rule that the facts should be viewed in the light most favorable to the non-movant is displaced.  Instead, when a party alleges a lack of jurisdiction pursuant to RCFC 12(b)(1), only unchallenged facts are deemed to be correct and true.  Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989).  If a defendant or the court challenges jurisdiction with respect to plaintiff's claim for relief, plaintiff cannot rely merely on allegations in the complaint, but instead must bring forth relevant competent proof to establish jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Land v. Dollar, 330 U.S. 731, 735 n.4 (1947).

In deciding a RCFC 12(b)(1) motion under these circumstances, "the court can consider . . . evidentiary matters outside the pleadings."  Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); see also Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Reynolds, 846 F.2d at 747.  "[I]f a motion to dismiss for lack of subject matter jurisdiction . . . challenges the truth of the jurisdictional facts alleged in the complaint, the . . . court may consider relevant evidence in order to resolve the factual dispute."  Reynolds, 846 F.2d at 747; accord Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); see also Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993) (permitting review of evidence extrinsic to pleadings, including affidavits and deposition testimony).  Thus, in the case at bar, the parties are authorized to introduce, and this court is authorized to examine, evidence beyond the pleadings in order to resolve the disputed jurisdictional facts.

2. Jurisdiction

Jurisdiction must be established before the court may proceed to the merits of a case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998).  "[The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Reynolds, 846 F.2d at 748; see also McNutt, 298 U.S. at 189; Myers Invest. & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002).  Federal courts are presumed to lack jurisdiction unless the record affirmatively indicates the opposite.  Renne v. Geary, 501 U.S. 312, 316 (1991).

Plaintiff seeks monetary damages for unjust conviction and wrongful imprisonment. "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United

3

States and imprisoned."  28 U.S.C. § 1495 (2006).  However, 28 U.S.C. § 2513(a) (2006), sets forth the requirements for bringing the claim recognized in § 1495:

> Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).  Further, the statute establishes the means by which a plaintiff must prove his claim: "Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." § 2513(b).  Any damage award to which plaintiff may be entitled is capped at "$50,000 for each 12-month period of incarceration."  § 2513(e).

### 3. Summary of the parties' arguments

Defendant seeks to dismiss plaintiff's complaint for lack of jurisdiction because plaintiff has not provided a true certificate of innocence from the trial court as required by § 2513(b).  Defendant cites to cases from the United States Court of Claims, the predecessor court to the United States Court of Appeals for the Federal Circuit, for the proposition that presentation of a certificate of innocence is a jurisdictional requirement under § 2513.  See Moore v. United States, 230 Ct. Cl. 819, 820 (1982) (per curiam) (holding § 2513 to be jurisdictional and "therefore must be strictly construed"); McMurry v. United States, 228 Ct. Cl. 897, 897 (1981) (holding the court lacked jurisdiction over claim under § 2513 without certificate from district court); Lucas v. United States, 228 Ct. Ct. 862, 863 (1981) (holding the court lacked jurisdiction under §§ 1495 and 2513 without a certificate of innocence from the district court).

Plaintiff contends that the Court of Federal Claims has jurisdiction pursuant to the plain language of § 1495.  Plaintiff discounts the holdings of Moore, McMurry, and Lucas—that presentation of a § 2513 certificate is a jurisdictional requirement—as mere "dicta" from "old Court of Claims decisions."  Pl.'s Br. filed Aug. 7, 2009, at 6.  Plaintiff

cites more recent decisions from the Federal Circuit and the Court of Federal Claims for the proposition that lack of a § 2513 certificate constitutes a failure of proof, not a jurisdictional defect.  See id. at 4-6 (citing Bolduc v. United States, 248 F. App'x 162, 164-65 (Fed. Cir. 2007); Veltmann v. United States, 39 Fed. Cl. 426,  428 (1997), aff'd, 168 F.3d 1319 (Fed. Cir. 2008)).

Despite plaintiff's apparent failure to seek a certificate of innocence from the United States District Court for the District of Hawaii, plaintiff's complaint proffers that the Ninth Circuit's one-page judgment reversing his conviction constitutes a certificate of innocence.  See Compl. ¶ 7 ("The U.S. Court of Appeals for the Ninth Circuit[,] in the interest of justice, did issue a Certificate of Innocence to Gregg V. Wood (Exhibit 'A' executed and attached hereto and incorporated herein)[.]"); see also Pl.'s Br. filed Aug. 7, 2009, at 8; PX 1 at 3.  In his brief opposing defendant's motion to dismiss, plaintiff broadens his proffer, insisting that the recitals alleged in the *pro se* complaint, coupled with the Ninth Circuit's judgment and memorandum opinion, comply with the requirements set forth in § 2513 and sufficiently constitute a certificate of innocence.  Based on this putative certificate, plaintiff cross-moved for summary judgment.

Defendant maintains that the Ninth Circuit's judgment is insufficient to constitute a certificate of innocence because it "does not purport to be a certificate of innocence and, more importantly, does not recite any of the facts upon which such a certificate must be based."  Def.'s Br. filed Apr. 20, 2009, at 6.  Defendant adds that the Ninth Circuit's opinion does not state, and plaintiff cannot prove, that he "did not commit any of the acts charged or [that] his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia," as required by § 2513(a)(2).  Id. (internal quotation omitted).

4.  Whether a certificate of innocence is a jurisdictional requirement
          under 28 U.S.C. §§ 1495, 2513

"In construing a statute, we begin with its literal text, giving it its plain meaning." USA Choice Internet Servs., LLC v. United States, 522 F.3d 1332, 1336 (Fed. Cir. 2008) (internal quotation omitted).  The court "must presume that [Congress] says in a statute what it means and means in a statute what it says there."  Dodd v. United States, 545 U.S. 353, 357 (2005) (internal quotation omitted); see also Kyocera Wireless Corp. v. Int'l. Trade Comm'n, 545 F.3d 1340, 1355 (Fed. Cir. 2008) ("In order to determine whether [a statute] or any of its amendments has directly spoken to the precise question at issue, [the] court must give the terms of that statute their 'ordinary . . . meaning, absent an indication Congress intended them to bear some different import.'" (quoting Williams v. Taylor, 529 U.S. 420, 431 (2000))).  "Beyond the statute's text, [the 'traditional tools of statutory construction'] include

the statute's structure, canons of statutory construction, and legislative history." <u>Bull v. United States</u>, 479 F.3d 1365, 1376 (Fed. Cir. 2007) (alteration in original) (internal quotation omitted). "Further, 'in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.'" <u>Kyocera Wireless Corp.</u>, 545 F.3d at 1355 (<u>quoting</u> <u>U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.</u>, 508 U.S. 439, 455 (1993)). "Correct statutory interpretation is that which is 'most harmonious with [the statutory] scheme and with the general purposes that Congress manifested.'" <u>BlackLight Power, Inc. v. Rogan</u>, 295 F.3d 1269, 1273 (Fed. Cir. 2002) (alteration in original) (<u>quoting</u> <u>Comm'r v. Engle</u>, 464 U.S. 206, 217 (1984)).

The parties disagree on whether binding precedent conjoins §§ 1495 and 2513 as setting forth this court's subject matter jurisdiction. It cannot be questioned that the statutes have been considered jointly and have been subject to strict construction. <u>See</u> <u>Vincin v. United States</u>, 468 F.2d 930, 933 (Ct. Cl. 1972) (per curiam) (<u>citing</u> <u>Smith v. United States</u>, 168 Ct. Cl. 242 (1964); <u>Osborn v. United States</u>, 322 F.2d 835 (5th Cir. 1963); <u>Roberson v. United States</u>, 124 F. Supp. 857 (Ct. Cl. 1954); <u>Roberts v. United States</u>, 126 Ct. Cl. 947 (1953); <u>Weiss v. United States</u>, 91 F. Supp. 742 (Ct. Cl. 1950); <u>Ekberg v. United States</u>, 76 F. Supp. 99 (Ct. Cl. 1948); <u>Hadley v. United States</u>, 66 F. Supp. 140 (Ct. Cl. 1946); <u>Viles v. United States</u>, 95 Ct. Cl. 591 (1942); <u>Prisament v. United States</u>, 92 Ct. Cl. 434 (1941)) ("The unjust conviction statute has always been strictly construed."); <u>see also</u> <u>Sinclair v. United States</u>, 109 F. Supp. 529, 531 (Ct. Cl. 1953) (observing that "the right to recover under this Act [discussing § 2513] was hedged about with obstacles hard to overcome"). This court finds binding precedent in <u>Grayson v. United States</u>, 141 Ct. Cl. 866, 869 (1958) (per curiam), which held with respect to §§ 1495 and 2513:

> It is clear that these two sections must be read together, since the one refers to the other. When they are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with.

<u>Id.</u>

### 5. Caselaw dynamics

The following cases impart guidance on the interplay of §§ 1495 and 2513 and, in determining the threshold issue to be decided, whether compliance with § 2513 is a condition precedent to the Court of Federal Claims' subject matter jurisdiction over a claim for unjust conviction. The parties disagree regarding whether this issue has been addressed directly in prior caselaw so as to dictate an outcome in the present controversy. The court applies the

rule that when the Federal Circuit has not provided a binding precedential opinion, the Court of Federal Claims is bound by the decisions of the Court of Claims.  See S. Corp. v. United States, 690 F.2d 1368, 1369 (Fed. Cir. 1982) ("We hold that the holdings of our predecessor court[], the United States Court of Claims[,] . . . shall be binding as precedent in this court."). Orders of the Court of Claims published in the United States Court of Claims Reports are included within the scope of this holding.  General Order No. 1, 1 Cl. Ct. XXI (1982); see Daniels v. United States, 77 Fed. Cl. 251, 255 n.4 (2007), aff'd, 269 F. App'x 976 (Fed. Cir. 2008) (citing General Order No. 1); cf. Fed. Cir. R. 32.1(d) ("The court may refer to a nonprecedential disposition in an opinion or order and may look to a nonprecedential disposition for guidance or persuasive reasoning, but will not give one of its own nonprecedential dispositions the effect of binding precedent.").

### 1) Precedent from the Court of Claims

In Hadley v. United States, 66 F. Supp. 140, 141 (Ct. Cl. 1946), the plaintiff alleged that the order of the district court in his habeas corpus proceedings conformed to the requirements of the unjust conviction statute.  Without considering the court's jurisdiction, the court dismissed the claim for failure to state a cause of action.  See id. at 142.  In its discussion on defendant's demurrer for failure to allege a cause of action, the court noted that the recitals in the court order were insufficient to comply with the statute and declined to decide whether a court order that contains the requisite recitals for § 2513 purposes "would be a sufficient compliance" with the statute.  Id.  By contrast, in Andolschek v. United States, 77 F. Supp. 950, 951 (Ct. Cl. 1948), the court held that the district court's judgment and order that recited word-for-word the recitals and findings required by the unjust conviction statute sufficiently complied with the statute and awarded damages to the plaintiff.

In Brunner v. United States, 102 F. Supp. 909, 910 (Ct. Cl. 1952), vacated, 110 F. Supp. 479 (Ct. Cl. 1953), the court did not address whether the unjust conviction statute is jurisdictional, but did hold that the district court's judgment dismissing the plaintiff's indictment satisfied the requirements of the predecessor statute to § 2513.  The district judge had entered an order amending the judgment such that its last sentence recited, word-for-word, the recitals required by the statute.  See id.  However, the Court of Claims subsequently vacated its judgment and dismissed the complaint for failure of proof when the United States Court of Appeals for the Sixth Circuit reversed the district court's judgment and set aside the certificate of innocence.  See Brunner v. United States, 110 F. Supp. 479, 480 (Ct. Cl. 1953).

In Sinclair the Court of Claims considered a claim for unjust conviction brought by a plaintiff whose conviction for mailing an obscene letter to his wife was reversed by the United States Supreme Court.  See Sinclair, 109 F. Supp. at 530.  The court ruled that the

plaintiff had not produced a certificate of innocence as required by § 2513. See id. at 184. Nevertheless, the court went on to consider, *arguendo*, whether a certificate was unnecessary because the factual recitals required to recover damages under § 2513 were contained in the Supreme Court opinion reversing the plaintiff's conviction. See id. The court held that the opinion did not contain the necessary recitals and granted the Government's motion for summary judgment. See id. at 531-32. While the court in Sinclair did not address precisely whether compliance with § 2513 is jurisdictional, later cases from the Court of Claims did.

In Grayson the Court of Claims did address the jurisdictional requirements of §§ 1495 and 2513. See 141 Ct. Cl. at 868-87. In its exegesis of § 2513, the court held that "these two sections must be read together, since the one refers to the other." Id. at 869. The court then issued the rule—which remains binding precedent—that compliance with § 2513 is a prerequisite to the court's jurisdiction, reasoning: "When they are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with." Id. Because the plaintiff had not complied with § 2513, the court dismissed the case for lack of jurisdiction. See id.; cf. Smith v. United States, 168 Ct. Cl. 242, 246-47 (1964) (per curiam) (granting defendant's motion for summary judgment and dismissing complaint that failed to "make allegations essential to come within the purview of the statute").

In Vincin the court dismissed a military back-pay claim based on the statute of limitations, but noted that, while the plaintiff cited to § 1495, he failed to allege or comply with the requirements of §§ 1495 and 2513. See 468 F.2d at 933. The court stated in dictum that no cause of action was created where the plaintiff's pardon failed to enumerate specifically the recitals required by § 2513. See id.; accord Stout v. United States, 210 Ct. Cl. 722, 722 (1976) (dismissing case pursuant to rule to show cause).

In Calloway v. United States, 215 Ct. Cl. 1065, 1067 (1978), a separate certificate of innocence was issued by the district court. While the certificate satisfied the requirements of § 2513(a)(1), the Court of Claims held that it still was insufficient because it "did not contain statements required by section 2513(a)(2)." Id. The court then dismissed the case brought by two individuals for failure to state a claim. See id. ("Without such statements in the certificate of innocence, plaintiffs cannot prove any claim within the jurisdiction of this court." (citing § 2513(b)).

A trilogy of more recent opinions from the Court of Claims adhered to the holding of Grayson that compliance with § 2513—specifically the submission of a certificate of innocence—is a condition precedent to the Court of Claims' jurisdiction. See, e.g., Moore, 230 Ct. Cl. at 820 ("However, a claim of this nature is severely restricted by the requirements of 28 U.S.C. § 2513 . . . which is jurisdictional and therefore must be strictly construed.");

8

McMurry, 228 Ct. Cl. at 897 ("This court's jurisdiction over claims for unjust imprisonment is restricted by the provisions of 28 U.S.C. § 2513. . . . Plaintiff has furnished us with no such certificate. . . . We therefore have no jurisdiction under this statute."); Lucas, 228 Ct. Cl. at 863 ("Where, as here, suit is brought and no showing is made that plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this court will not entertain the claim. . . . Plaintiff here has not met the requirements of the statute and we have no jurisdiction.").

### 2)  Nonprecedential opinions from the Federal Circuit

The Federal Circuit has not addressed this issue in a precedential opinion.1/ However, the most recent citable nonprecedential opinion continued to adhere to the holdings of Moore, McMurry, Lucas, and Grayson: a certificate of innocence is a jurisdictional prerequisite under § 2513.  See Chevalier v. United States, 329 F. App'x 924, 926 (Fed. Cir. 2009) (holding that § 1495 failed to provide Court of Federal Claims with jurisdiction to hear claim for unjust conviction where requirements of § 2513 have not been met). 2/  But see

---

1/ All of the Federal Circuit cases discussed in this section are unpublished decisions. As such, they do not constitute binding precedent.  See Hamilton v. Brown, 39 F.3d 1574, 1581 (Fed. Cir. 1994); Fed. Cir. R. 32.1(d).  Although pursuant to Fed. Cir. R. 32.1(c) unpublished decisions issued prior to January 1, 2007, may not be cited by parties to the Federal Circuit, they are listed infra notes 2 and 3 to give a chronological record of what has been issued.

2/  See also Humphrey v. United States, 60 F. App'x 292, 295 (Fed. Cir. 2003) (holding that Court of Federal Claims lacked jurisdiction under § 2513 when trial court's order dismissing plaintiff's indictment and vacating his sentence failed to "satisfy the jurisdictional requirements of § 2513"); Caudle v. United States, 36 F.3d 1116, No. 94-5100, 1994 WL 502934, at *1 (Fed. Cir. Sept. 15, 1994) (unpublished table decision) ("The courts have repeatedly held that the requirements of 28 U.S.C. section 2513 are jurisdictional and that the plaintiff cannot recover under this statute unless he furnishes a certificate of the convicting court that his conviction has been reversed on the grounds of his innocence."); accord Dorrough v. United States, 13 F. App'x 954, 955-56 (Fed. Cir. 2001) (stating that Court of Federal Claims has jurisdiction to hear claims for unjust conviction pursuant to § 1495, but not to review and overturn conviction under § 2513); Cochran v. United States, 250 F.3d 754, No. 00-5054, 2000 WL 727785, at *1 (Fed. Cir. May 19, 2000) (unpublished table decision) (affirming Court of Federal Claims' dismissal for lack of jurisdiction over unjust conviction claim where pro se litigant's conviction had not been overturned); Barnes v. United States, 230 F.3d 1380, No. 00-5013, 2000 WL 178113, at *2 (Fed. Cir. Feb. 1, 2000) (unpublished table decision) (affirming dismissal for lack of

Bolduc v. United States, 248 F. App'x 162, 164-65 (Fed. Cir. 2007). In Bolduc the Federal Circuit affirmed the dismissal of a § 2513 claim on the basis of the statute of limitations, holding that the claim accrued when the plaintiff's federal conviction was vacated, not when the certificate of innocence was issued. See id. In discussing the elements required to make out a prima facie case under § 2513, the court observed that "[a] certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment; it is merely a means of proving the underlying facts." Id. at 164. 3/

                    3) Decisions from the Court of Federal Claims

      The decisions from the Court of Federal Claims are not precedential. W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994). In Humphrey v. United States, 52 Fed. Cl. 593, 594-95 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003), the Court of Federal Claims considered an unjust conviction suit brought by a plaintiff whose conviction for possession or use of a firearm during a drug trafficking crime was vacated in light of subsequent Supreme Court precedent. With his complaint the plaintiff filed, as a certificate of innocence, the district court's order vacating his conviction. See id. at 595. The Government sought dismissal of the plaintiff's claim, arguing that the district court order was not a true certificate of innocence. See id. at 596. The court adhered to precedent laid down by the Court of Claims in Grayson that §§ 1495 and 2513 must be read together. See id. Considering § 2513(b)'s charge that "other evidence thereof shall not be received" by the Court of Federal Claims except for a certificate of innocence, the court stated it had "no authority to re-examine the facts surrounding a conviction or imprisonment; such matters are within the sole discretion of the appropriate . . . court or executive officer with the authority to reverse . . . a claimant's original conviction." Id. (citing Rigsbee v. United States, 204 F.2d 70, 73 n.3 (D.C. Cir. 1953)). The court expressly held that the federal district court's

_____

      2/ (Cont'd from page 9)

jurisdiction where plaintiff failed to submit certificate of innocence and failed to allege reversal of conviction); cf. Robinson v. United States, 230 F.3d 1382, No. 99-5120, 2000 WL 158487, at *1 (Fed. Cir. Feb. 11, 2000) (unpublished table decision) ("[A] person suing under 29 U.S.C. § 1495 must allege facts sufficient to satisfy 28 U.S.C. § 2513. Even a liberal reading of [plaintiff's] complaint does not explicate the minimum necessary allegations needed to present a claim for which relief can be granted." (footnote omitted)).

      3/ See also Veltmann v. United States, 168 F.3d 1319, Nos. 98-5100, 98-5101, 1998 WL 476935, at *1 (Fed. Cir. Aug. 7, 1998) (unpublished table decision) (ruling that Court of Federal Claims' opinion that held § 2513 not to be jurisdictional "applied 28 U.S.C. §§ 1495 and 2513 correctly").

10

order was not a certificate of innocence, which is "jurisdictionally required by section 2513 of title 28." Id. at 597 (noting that the district court "cannot issue the certificate unless it is satisfied of that petitioner's innocence"). The court explained that, in order for a court order "arguably" to be a certificate of innocence as contemplated by the unjust conviction statute, such an order must strictly comport with all of the recitals required by the statute. See id.

In Burgess v. United States, 20 Cl. Ct. 701, 705-06 nn.6, 8 (1990), the court dismissed the complaint for lack of subject matter jurisdiction when the plaintiff provided no certificate, and the district court's writ of error coram nobis, proffered by the plaintiff as satisfying the requirements of § 2513, failed to recite the statutory requirements. Similarly, in Lott v. United States, 11 Cl. Ct. 852, 853 (1987), the court implicitly held that §§ 1495 and 2513 are jurisdictional by citing solely to Grayson.

Other cases from the Court of Federal Claims have adhered to Moore, McMurry, and Lucas, dismissing unjust conviction claims for lack of jurisdiction when plaintiffs fail to produce a certificate of innocence, see, e.g., Dethlefs v. United States, 60 Fed. Cl. 810, 814 (2004), or otherwise fail to follow the requirements of § 2513, see, e.g., Phang v. United States, 87 Fed. Cl. 321, 330 (2009); Benito Castro v. United States, 87 Fed. Cl. 182, 183 (2009); Zakiya v. United States, 79 Fed. Cl. 231, 234-35 (2007); Salman v. United States, 69 Fed. Cl. 36, 39 (2005); Paalan v. United States, 51 Fed. Cl. 738, 747-48 (2002).

Veltmann, 39 Fed. Cl. at 428, is the sole Court of Federal Claims opinion that ignores Court of Claims cases. The court in Veltmann held that, notwithstanding the plaintiff's failure to furnish a certificate of innocence from the federal district court, the court "plainly [had] jurisdiction to adjudicate claims for unjust conviction and imprisonment." Id. Because the court found that the plaintiff had made a good-faith attempt to obtain a certificate from the district court, which denied the request because "the [district court] judge believed that plaintiff was attempting to file the claim in the wrong court," the Court of Federal Claims denied the Government's motion to dismiss, granting the plaintiff an additional sixty days to obtain the certificate. Id. The court cautioned plaintiff that failure to produce the certificate by the end of this period would result in a dismissal of the claim for failure of proof. See id.

4) Synthesis of the caselaw

Because the citable unpublished decisions from the Federal Circuit construing § 2513 do not constitute binding precedent, this court concludes that the decisions by the Court of Claims in Moore, McMurry, Lucas, and Grayson conjointly construing §§ 1495 and 2513 as jurisdictional constitute the binding precedent. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims

is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims."); S. Corp., 690 F.2d at 1369 ("We hold that the holdings of our predecessor court[], the United States Court of Claims[,] . . . shall be binding as precedent in this court."). The Federal Circuit recognizes that panel decisions are binding on a given point of law. See Gates v. Raytheon Co., No. 2000-1543, 2009 WL 2914340 at *7 n.10 (Fed. Cir. Sept. 14, 2009) (Federal Circuit panel is bound by prior precedent of the Federal Circuit); Barclay v. United States, 443 F.3d 1368, 1373 (Fed. Cir. 2006) ("Panels of this court are bound by previous precedential decisions until overturned by the Supreme Court or by this court *en banc*.").

_____Accordingly, this court holds that compliance with § 2513, including submission of a certificate of innocence from the federal district court, is a prerequisite to the jurisdiction of the Court of Federal Claims. Moore, McMurry, Lucas, and Grayson constitute the binding precedent of the Court of Claims, none of which has been subject to en banc reversal. This conclusion is in harmony with the latest citable nonprecedential decision of the Federal Circuit. See Chevalier, 329 F. App'x at 926. 4/ It also comports with the only decision of the Supreme Court construing § 2513. See Glidden Co. v. United States, 370 U.S. 530, 574 n.42 (1962) (§§ 1495 and 2513 constitute a "specially designated tort[]" within jurisdiction of Court of Claims).

Admittedly, the precedent from the Court of Claims is not uniform. Andolschek, decided in 1948, conflicts with the later decisions in Moore, McMurry, Lucas, and Grayson. The court also recognizes that the Court of Claims opinion in Vincin did not include an explicit statement about the Court of Federal Claims' subject matter jurisdiction. However, guided by the Federal Circuit's instruction that a past panel decision speaks for the court, this court considers the more recent—and entirely consistent—Court of Claims cases that set forth §§ 1495 and 2513 as binding jurisdictional requirements. The subsequent decisions of the Court of Federal Claims and the citable nonprecedential decisions by the Federal Circuit, to the extent that they are inconsistent with the Court of Claims, may not state a new or

---

4/ Fed. Cir. R. 32.1 provides, in pertinent part:

Parties are not prohibited or restricted from citing nonprecedential dispositions issued after January 1, 2007. . . . The court may refer to a nonprecedential disposition in an opinion or order and may look to a nonprecedential disposition for guidance or persuasive reasoning, but will not give one of its own nonprecedential dispositions the effect of binding precedent.

Fed. Cir. R. 32.1(c), (d).

revised rule. "It is error to assume that a nonprecedential order or opinion provides support for a particular position or reflects a new or changed view held by this court." <u>Hamilton</u>, 39 F.3d at 1581 (reminding counsel and lower courts that "nonprecedential opinions and orders . . . do not represent the considered view of the Federal Circuit regarding aspects of a particular case beyond the decision itself, and they are not intended to convey this court's view of law applicable in other cases").

At argument and in briefing to the court, plaintiff unsuccessfully attempts to distinguish the present case from <u>Moore</u>, <u>McMurry</u>, and <u>Lucas</u>, arguing that in those cases plaintiffs failed to present the court with certificates; thus, there existed "adequate and independent" grounds for dismissal based on failures of proof. Pl.'s Br. filed Aug. 7, 2009, at 6. Assuming that plaintiff's reading of these cases is correct, plaintiff cannot ignore that, in <u>Lucas</u>, the Court of Claims read §§ 1495 and 2513 together; nor would such a reading take away from the instruction in <u>Moore</u> that § 2513 is jurisdictional. <u>See Moore</u>, 230 Ct. Cl. at 820. Further, even if the court were not to consider the published summary orders of the Court of Claims in <u>Moore</u>, <u>McMurry</u>, and <u>Lucas</u>, the Court of Claims' holding in <u>Grayson</u>, which is squarely on point, still stands as unchallenged precedent.

Plaintiff relies on <u>Veltmann</u> and the Federal Circuit's citable nonprecedential opinion in <u>Bolduc</u> for the proposition that lack of a certificate of innocence constitutes a failure of proof, not a failure of jurisdiction. Neither case is precedential. In <u>Veltmann</u> the trial court concluded, without citing any authority, that the certificate of innocence was an element of proof. <u>See</u> 39 Fed. Cl. at 428; <u>see also</u> <u>Bolduc</u>, 72 Fed. Cl. at 193. This court respectfully disagrees.

While § 1495 unequivocally establishes jurisdiction for an unjust conviction claim in the Court of Federal Claims—"[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," § 1495—that provision must be read in conjunction with § 2513, the plain language of which recites: "Any person suing under section 1495 of this title must allege and prove," § 2513(a). <u>See Grayson</u>, 141 Ct. Cl. at 869; <u>Humphrey</u>, 52 Fed. Cl. at 596; <u>Lott</u>, 11 Cl. Ct. at 852. The lower court decision in <u>Veltmann</u> is not binding precedent, nor does it inspire any reliance as persuasive authority because of its failure to address binding precedent. Although the Federal Circuit affirmed <u>Veltmann</u>, the summary opinion was noncitable, nonprecedential, and without citation to any caselaw. <u>See Veltmann</u>, 1998 WL 476935, at *1.

The trial court opinion in <u>Bolduc</u> referred to <u>Veltmann</u> as the "one opinion" from the Court of Federal Claims "on point," 72 Fed. Cl. at 193, and relied on <u>Veltmann</u> to state the rule on the accrual of a claim, i.e., the claim for unjust conviction and imprisonment accrues

on the date the conviction is set aside, not the date of issuance of a certificate of innocence. Despite dicta in the Federal Circuit's opinion in Bolduc that a certificate of innocence is "merely the means of approving the underlying facts," 248 F. App'x at 164, the Federal Circuit's holding is confined to the date of accrual.

The  precedent from the Court of Claims, see, e.g., Moore, 230 Ct. Cl. at 820, is unambiguous and steadfast.  See W. Coast Gen. Corp., 39 F.3d at 315 ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court."); cf. Tohono O'Odham Nation v. United States, 559 F.3d 1284, 1287 (Fed. Cir. 2009) (citing Foster v. Hallco Mfg. Co., 947 F.2d 469, 475 n.5 (Fed. Cir. 1991) (Court of Federal Claims must apply Federal Circuit's interpretation of Supreme Court decisions, not its own or that of other lower courts)).  Plaintiff relies on the Federal Circuit's language in Bolduc that a "certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment," 248 F. App'x at 164, for the proposition that "*a fortiori* such a certificate is not a jurisdictional requirement," Pl.'s Br. filed Aug. 7, 2009, at 5.  Because Bolduc is a nonprecedential decision and cannot overrule a Court of Claims precedent, this court is not bound by Bolduc's language and declines to adopt it.  See Barclay, 443 F.3d at 1373; S. Corp., 690 F.2d at 1369.

To comply with the jurisdictional requirements of §§ 1495 and 2513, plaintiff must provide this court with a document, certified by the district court, which strictly complies with the recitals required by § 2513.  While the document need not be titled a "certificate of innocence," it must substantively provide: (1) that plaintiff's conviction has been reversed or vacated on the grounds that he was not guilty of the offense for which he was convicted; (2) that plaintiff did not commit any of the acts charged or that his actions or omissions in connection with such charge constituted no offense against the United States, or any state, territory, or the District of Columbia; and (3) that plaintiff did not bring about his own prosecution by neglect or misconduct.  See § 2513(a); Brunner, 102 F. Supp. at 910; Humphrey, 52 Fed. Cl. at 597.

The judgment that plaintiff labels "Certificate of Innocence" states, in relevant part: "On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of said District Court in this cause be, and hereby is **REVERSED conviction**." Compl., Ex. A (emphasis in original).  While the judgment does certify that plaintiff's conviction was reversed, it does not affirm that plaintiff did not commit any of the acts charged or that plaintiff's actions in connection with the charge did not constitute an offense

against the United States or any state. 5/  Moreover, the judgment does not include any statement indicating that plaintiff was not responsible for his own prosecution. "Indeed, the [judgment] neither mentioned section 2513, nor purported to be a certificate of innocence. On its face, the [judgment] is wholly inadequate for the purposes for which it is offered." Humphrey, 52 Fed. Cl. at 597.

The text of § 2513 and caselaw reinforce the interpretation that only a federal district court can grant the certificate.  See § 2513(b) ("Proof of the requisite facts shall be by a certificate of the court . . . wherein such facts are alleged to appear, and other evidence thereof shall not be received."); Moore, 230 Ct. Cl. at 820 (explaining that "plaintiff must furnish this court with a copy of . . . a certificate of the convicting court"); Lucas, 228 Ct. Cl. at 863 ("This court has consistently insisted on a strict compliance with the statutory requirements."); Humphrey, 52 Fed. Cl. at 597 ("A United States district court, to which a plaintiff must petition to receive a certificate of innocence, cannot issue the certificate unless it is satisfied of that petitioner's innocence.").  Thus, the judgment that plaintiff has offered as his certificate fails to meet the standards established by § 2513.

Plaintiff also proffers the Ninth Circuit's unpublished memorandum opinion reversing his conviction as a certificate of innocence.  See Pl.'s Br. filed Aug. 7, 2009, at 10.  For the same reasons discussed above, the court concludes that the opinion does not satisfy the requirements of § 2513.  The memorandum opinion states:  "There is no doubt that Wood stole $5,000 of PTH's money and wired it to Courtney's attorney."  Wood, 259 F. App'x at 49.  This is hardly an endorsement from the Ninth Circuit that plaintiff's actions constituted no offense against any state, nor that plaintiff was not responsible for his own prosecution.

The court concludes that plaintiff has failed to furnish a certificate of innocence as mandated by § 2513.  Therefore, the court lacks subject matter jurisdiction. 6/

---

5/ Plaintiff argues, without citing precedential authority, that the second prong of § 2513(a)(2), that his "acts, deeds or omissions in connection with such charge constitute[] no offense," is a question of law for this court to decide.  The court disagrees.  The statute is explicit in requiring that this finding be in the certificate.  As such, it is a determination for a federal district court judge, not the Court of Federal Claims.

6/ Were the Federal Circuit to reverse the Court of Claims' precedent, this court enters its findings on defendant's motion to dismiss for failure to state a claim for relief.  The court would grant defendant's motion under RCFC 12(b)(6) because, for the reasons discussed, the Ninth Circuit's judgment and memorandum opinion do not satisfy the requirements of §§ 1495 and 2513(a)(2).  Therefore, notwithstanding an en banc reversal,

6/ Cont'd from page 15.)

this court does not have jurisdiction to suspend proceedings to allow plaintiff an opportunity to submit the required proof.

Plaintiff cites United States v. Keegan, 71 F. Supp. 623, 638 (S.D.N.Y. 1947), *inter alia*, for the construction that a related crime should be in aid of the indicted crime. See Pl.'s Br. filed Aug. 7, 2009, at 18. According to plaintiff, defendant's construction of § 2513(b)'s language—"in connection with such charge did not constitute a crime"—is too narrow, requiring plaintiff to prove his innocence beyond what is contemplated by the statute. See Pl.'s Br. filed Aug. 7, 2009, at 17-19.

In an exhaustive analysis of prior versions of § 2513, the court in Keegan examined in detail the statute's legislative history. Discussing a predecessor version, the court wrote: "The language . . . that his conduct 'in connection with such charge did not constitute a crime . . .' leads me to the conclusion that proof of some contemporaneous, but unrelated crime should not preclude the granting of a certificate." Keegan, 71 F. Supp. at 638 (emphasis omitted). The Keegan court adopted a European gloss to "in connection with such charge," which would include an attempt to flee, a false confession, the removal of evidence, or inducement to give false testimony. Id. Plaintiff therefore contends that, notwithstanding the Ninth Circuit's statement that there "is no doubt that Wood stole $5,000 of PTH's money and wired it to Courtney's attorney," such a theft was unrelated to the wire fraud conviction.

At the same time, however, Keegan's examination of the statute's legislative history also shows that Congress rejected two arguments raised by plaintiff in the case at bar. Plaintiff contends that, under § 2513(a)(2), whether his "acts, deeds, or omissions in connection with such charge constituted no offense" is a question of law for this court to determine. See supra note 5. Plaintiff also suggests that the Court of Federal Claims may "exercise its usual authority to make appropriate findings as to facts that did not 'appear' in the underlying criminal case." Pl.'s Br. filed Oct. 5, 2009, at 6. However, Keegan concluded that the Court of Claims was left with "only the question of damages" once a certificate has been issued by the district court. Keegan, 71 F. Supp. at 635. This court finds Keegan's reasoning on this point persuasive. Had plaintiff submitted a certificate from the district court, this court's function essentially would be a ministerial one: whatever discretion the court retained would be limited to determining a damages award. See Andolschek, 77 F. Supp. at 951 ("We cannot go behind [the district court's] findings nor can we inquire into what the record in plaintiff's case in the District Court or the Circuit Court of Appeals may show. . . . In these circumstances, the only question in this court is the amount of damages sustained by plaintiff by reason of the erroneous conviction.").

16

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and plaintiff's cross-motion for summary judgment is denied. The Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

**IT IS SO ORDERED**.

No costs.

s/ Christine O. C. Miller
_____

**Christine Odell Cook Miller**
Judge

17